# EXHIBIT 1

SUMMONS

IN THE CIRCUIT COURT OF WOOD COUNTY, WEST VIRGINIA

**PENNY FARNESE and KELLY WELSH,**
**On behalf of SARAH JANE WELSH,**
          Plaintiff(s)

VS:

                      Civil Action # **22-C-123**

**RSCR WEST VIRGINIA, INC.,**
          Defendant(s)

To the above named defendant(s):    **RSCR WEST VIRGINIA, INC.**
                                           **ATTN: CORPORATION SERVICE COMPANY**
                                           **REG. AGENT**
                                           **209 W. WASHINGTON STREET**
                                           **CHARLESTON, WV 25302**

IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **Brian J. Headley, Esq.** Plaintiff's Attorney, whose address is **Headley Ballard LLC, 297 Seven Farms Drive, Suite 302, Daniel Island, SC 29492** an answer including any related counterclaim you may have, to the amended complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **30** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above styled civil action.

Dated: May 26, 2022

                                                        _Celeste Ridgway_
                                                        Clerk Circuit Court

By: _____
                                      Deputy

IN THE CIRCUIT COURT OF WOOD COUNTY, WEST VIRGINIA

PENNY FARNESE and KELLY WELSH,
on behalf of SARAH JANE WELSH,

    Plaintiffs,

v.                                                Civil Action No.: 22-C-123

RSCR WEST VIRGINIA, INC.,

    Defendant.

## COMPLAINT

NOW COME the Plaintiffs, Penny Farnese and Kelly Welsh, on behalf of Sarah Jane Welsh, by counsel Jason S. Ballard, Esquire, and Headley Ballard LLC, and file the following action seeking recovery for the personal injuries and damages that Sarah Jane Welsh suffered as a result of the Defendant's negligence. In support thereof, the Plaintiffs aver as follows:

### PARTIES

1. Plaintiff Penny Farnese ("Penny") is an adult individual and resident of Ohio.

2. Plaintiff Kelly Welsh ("Kelly") is an adult individual and resident of Ohio.

3. Penny and Kelly (hereinafter "Plaintiffs") are the biological sisters and duly appointed lawful co-guardians of Sarah Jane Welsh ("Sarah").

4. Sarah suffers from a host of medical conditions to include, *inter alia*, severe mental retardation, developmental delays, a history of seizures, and has otherwise been deemed a Protected Person as defined by West Virginia Code § 44A-1-4(13).

5. Defendant RSCR West Virginia, Inc. ("ResCare") is a Delaware corporation that provides social and health care services to its patients and conducts and transacts business in Wood County, West Virginia.

FILED IN OFFICE

MAY 26 2022

CELESTE RIDGWAY
CLERK CIRCUIT COURT

1

6. ResCare maintains a principal office located at 805 N. Whittington Parkway, Suite 400, in Louisville, Kentucky.

7. At all times relevant to this Complaint, ResCare facilitated and provided medical care to Sarah Welsh through its agents, servants, and/or employees located at its ResCare Residential Services facility located in Parkersburg, Wood County, West Virginia.

8. At all times relevant to this Complaint, the ResCare agents, servants, and/or employees who facilitated and provided medical care to Sarah Welsh at its Parkersburg, West Virginia facility were acting within the scope of employment.

9. As described more fully here, ResCare, individually and by way of its agents, servants, and/or employees, engaged in negligent conduct that caused serious and traumatic injuries to Sarah Welsh.

10. This Court has jurisdiction over the Plaintiffs' claims, as the cause of action arose through the negligent actions committed by the Defendant in Wood County, West Virginia.

## FACTS

11. At all times relevant to this Complaint, Sarah was a 35-year-old woman who was under the care and custody and ResCare and its agents, servants, and/or employees.

12. Sarah suffers from serious and disabling medical conditions and her past medical history includes diagnoses of severe mental retardation, developmental delays, history of seizures, and a clinical mental age of approximately that of a two-and-a-half-year-old child.

13. As such, Sarah was entirely reliant upon the assistance of others, to specifically include the Defendant, for the general management of her general health and well-being.

14. In April 2020, Sarah entered a ResCare residential unit for 24/7, round-the-clock, 1:1 and 1:2 services, and to ensure that her medical and personal needs were met.

15. Upon her admission, Sarah was assigned a team of direct support personnel ("DSP"), approved medical administration personnel ("AMAP"), licensed practical nurses ("LPN") as well as registered nurses ("RN") among the ResCare staff.

16. According to the records, Sarah required "total care and intense supervision," which included, *inter alia*, a strict schedule of 30-minute bed checks overnight in addition to "maximum assistance" for activities of daily living such as toileting and bathing.

17. Despite Sarah's need for continuous and comprehensive care, ResCare repeatedly failed to provide Sarah with the requisite care and treatment that is incumbent upon all health care facilities operating in the same or similar capacity as ResCare.

18. From April 2020 to February 2021, ResCare repeatedly failed to truthfully and accurately report Sarah's symptoms and conditions to her outside medical providers, thus causing her to undergo excessive prescription therapies and to ultimately develop thrombocytopenia, suffering extended blood loss, and further deterioration in her condition.

19. From April 2020 to February 2021, ResCare repeatedly failed to provide the prescribed 24-hour, round-the-clock, care and supervision to Sarah which was based upon her past medical history, chronic conditions, and her prescribed Plan of Care.

20. From April 2020 to February 2021, ResCare failed to timely consult and otherwise adequately assess or treat Sarah's presenting conditions upon admission, including parasitic infestations, and other certain medical issues affecting her ears and teeth.

21. From April 2020 to February 2021, ResCare repeatedly deviated from Sarah's documented Plan of Care which resulted in multiple falls causing injury, weight loss, deterioration to her general health, and which required multiple hospitalizations.

22. Notably, Sarah was left unsupervised in her room for 50 minutes on June 30, 2020.

23. As a result of ResCare's failure to appropriately supervise Sarah on June 30, 2020, Sarah fell and suffered an injury to her head which required her to be transported to the hospital for treatment and to undergo concussion protocol.

24. On December 29, 2020, Sarah was once again left unsupervised.

25. As a result of ResCare's failure to appropriately supervise Sarah on December 29, 2020, Sarah fell a second time and suffered significant injuries to her forehead, nose, and left eye which, again, required her to be transported to the hospital for additional care and treatment.

26. Despite Sarah's second documented fall and resultant injuries, ResCare shockingly left Sarah unsupervised the very next day on December 30, 2020.

27. Not surprisingly, Sarah suffered a third fall and was once again transported to the hospital for assessment and treatment of her injuries.

28. On January 19, 2021, ResCare left Sarah unsupervised in the bathroom and allowed her to suffer her fourth documented fall at its facility.

29. As a result of ResCare's negligence, Sarah suffered at least four catastrophic falls while she was a ResCare resident, which resulted in severe and permanent injuries including, but not limited to, additional and unnecessary medical treatment and expenses, extreme pain and suffering, severe emotional distress, embarrassment, a loss of life's pleasures, the inability to function as a whole woman, and other incidental damages.

30. Defendant's conduct and systemic neglect of Sarah was willful, wanton, and displayed a level of indifference to her health and well-being such that an award of punitive damages is appropriate.

31. As required by West Virginia Code § 55-7B-6, the Plaintiffs provided the Defendant with notice of this claim and with a screening certificate of merit more than thirty days prior to filing this action.

## THE COUNT: MEDICAL NEGLIGENCE

32. Plaintiffs hereby incorporate Paragraphs 1 through 31 as though fully set forth herein.

33. Defendant, by way of its agents, servants, and/or employees, owed a duty to exercise appropriate medical care and caution and to treat Sarah Welsh in a manner consistent with the applicable standard of care while she was under the care and custody of ResCare.

34. Defendant breached the applicable standard of care by failing to appropriately monitor, assist, and supervise Sarah Welsh, and to otherwise prevent her from falling and suffering injury.

35. As a direct and proximate result of the Defendant's negligence, Sarah Welsh was allowed to suffer at least four documented falls while she was a resident at ResCare and suffer severe and traumatic physical, mental, and emotional injuries as set previously set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that this Honorable Court award them damages in excess of the jurisdictional minimums of this Court and in an amount to sufficiently compensate Sarah Welsh fully for her injuries as set forth herein, including an award of punitive damages, attorney's fees, costs, expenses, and such other relief as the Court deems appropriate.

**THE PLAINTIFFS HEREBY DEMAND A JURY TRIAL.**

Respectfully submitted,

By: _____
Brian J. Headley, Esquire
W. Va. I.D. No. 9667
Jason S. Ballard, Esquire
W. Va. I.D. No. 9632
Jonathan K. Matthews, Esquire
W. Va. I.D. No. 13228
**HEADLEY BALLARD LLC**
1409 Wenonah Avenue
Pearisburg, VA 24134
Tel.: (540) 787-5011
Fax: (843) 375-6185
*Counsel for Plaintiffs*

CERTIFIED MAIL




US POSTAGE ᴾᴮ PITNEY BOWES

ZIP 25305 $ 006.96⁰
02 4W
0000377395 JUN 09 2022